EDWARD H. KUBO, JR.      2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA      1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-0099ACK |
| | ) | |
| Plaintiff, | ) | RESPONSE TO DEFENDANT LARON |
| | ) | KORTGAARD'S SUPPLEMENTAL |
| VS. | ) | SENTENCING STATEMENT |
| | ) | |
| LARON KEVIN KORTGAARD, | ) | |
| | ) | Sentencing date: 3/1/06 at |
| Defendant. | ) | 2:00 p.m., before the Hon. |
| _____ | ) | Alan C, Kay |

**RESPONSE TO DEFENDANT LARON KORTGAARD'S
SUPPLEMENTAL SENTENCING STATEMENT**

In <u>United States v. Kortgaard</u>, 425 F.3d 602,611 (9th Cir. 2005), the Ninth Circuit found that certain discretionary factual determinations underlying the upward departure for under-represented criminal history, previously effected under the now-defunct mandatory Guideline sentencing scheme, had to have been made by the jury in accordance with the <u>Apprendi</u>-<u>Blakeley</u> line of Supreme Court cases. The Ninth Circuit consequently reversed defendant Kortgaard's sentence, with the express instruction on remand for the District Court to ". . . resentenc[e] under the

now-advisory Guidelines regime. See Booker, 125 S.Ct at 769 (Breyer,, J., opinion of the Court)".[1]

Defendant's Supplemental Sentencing Statement at page 2 has asked this Court to violate the Ninth Circuit's terms of the instant remand. There is nothing startling or new about Kortgaard's remand instruction, inasmuch as it followed Ninth Circuit law as propounded earlier in 2005 in United States v. Dupas, 417 F.3d 1064 (9th Cir. 2005). As defendant himself recognized in his supplemental sentencing statement at 6, the Ninth Circuit in Dupas has already rejected his due process contentions.

In addition, the Ninth Circuit's remand instructions (i.e., to utilize the advisory Guidelines) further obviate the relevancy of United States v. Tighe, 266 F2d.3d 1187 (9th Cir. 2001), relative to his prior Canadian convictions. In this connection, as we will be discussing further below, defendant's argument in his supplemental sentencing statement asking this Court to disregard those prior Canadian convictions go way beyond the scope of Tigue's holding.

The Supreme Court stated in Apprendi v. New Jersey, 530 U.S. 466 (2000), "[o]ther than the fact of a prior conviction, any

---

[1] Justice Breyer's remedial opinion held that by rendering the U.S. Sentencing Commission Guidelines advisory, there would be no Apprendi-Blakeley Sixth Amendment violations associated with judicial factual determinations for Guideline sentencing.

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt". [emphasis added]   In Tique, the defendant was sentenced to the enhanced imprisonment sentence under the Armed Career Criminal Act ("ACCA") as a result of having three prior "violent felony" convictions.  The District Court had determined that an Oregon juvenile disposition constituted one of the "violent felony" convictions.  At issue during the appeal was whether Apprendi's "prior conviction" exception applied to this Oregon juvenile disposition, such that it was permissible for the District Court (as opposed to a jury) to have made the requisite factual finding concerning this particular conviction.  Taking into account the mandatory, sentencing enhancement nature of the ACCA, the Ninth Circuit held that:

> Thus, as we read Jones and Apprendi, the 'prior conviction' exception to Apprendi's general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt.  Juvenile adjudications that do not afford the right to a jury trial and a beyond-a-reasonable-doubt burden of proof, therefore, to not fall within Apprendi's 'prior conviction' exception.
>
> 266 F.3d at 1194.

In short, Tighe established a procedural remedy-- relevant only to mandatory sentencing enhancement schemes such as the ACCA-- namely, that where the enumerated underlying Constitutional guarantees (as right to jury trial/proof beyond a reasonable doubt) were not present in the underlying "conviction", their

absence could be remedied by the present submission of the factual matter to the jury for determination.  And, of course, because defendant herein is being sentenced, pursuant to the remand instructions, under the advisory Guideline regime, there is no Sixth Amendment requirement for a jury to make any factual determinations concerning his prior convictions.

Defendant's contention in his Supplemental Sentencing Statement at 9 is that because Canadian foreign convictions arguably have a more limited right to a jury trial than recognized under U.S. law, ". . . the alleged Canadian convictions may not be used as a basis to increase Mr. Kortgaard's sentence".  In short, he is attempting to use Tighe's limited, procedural remedy in a substantive manner, i.e., to broadly bar the use of any foreign convictions which do not recognize U.S. legal requirements.  This is way beyond what Tighe holds.[2]

One last matter: to the extent that he is actually doing so, we also question defendant's implied claim in his Supplemental Sentencing Statement at 9 that his prior Canadian convictions are "alleged" only.  Such a contention implying the non-existence and

---

[2] Even the Ninth Circuit's Kortgaard opinion does not expand Tighe's holding any way.  All the Ninth Circuit said is that "[w]e express no opinion as to whether Canadian convictions or other foreign convictions, like nonjury juvenile adjudications, lack the requisite due process protections to qualify for Apprendi's exception for the fact of a prior conviction".  425 F.3d at 610 [emphasis added].

invalidity of these prior Canadian convictions has never before been raised either in the instant proceeding prior to the Ninth Circuit's remand, or in defendant's prior heroin conviction before this Court, <u>USA v. Kortgaard</u>, USDC-Hawaii 93-1704ACK (hereinafter referred-to as "Federal 1994 heroin conviction" or "Federal 1994 heroin case", depending upon the context).  A brief recitation of the history of these two cases is in order.

    As we have previously documented in our initial Sentencing Statement filed in the instant case on August 12, 2002 (hereinafter "initial sentencing statement"), defendant was sentenced in the Federal 1994 heroin case to a mandatory ten year (120 month) imprisonment term under 21 U.S.C. 960(b)(2) for heroin importation.[3]  This mandatory sentence was based upon one of his prior Canadian felony drug convictions, a hashish conviction on February 29, 1988 in Red Deer, Province of Alberta, Canada, for which he was sentenced to two years imprisonment.[4] In the Federal 1994 heroin case, defendant expressly stipulated in his plea agreement to the validity of this 1988 Red Deer

---

[3] Under 21 U.S.C. 960(b)(2) and 802(44), the statutory sentencing range increased from 5 - 40 years to 10 years - life imprisonment if the defendant had a prior felony drug conviction, which included a foreign conviction.

[4] This particular conviction is referenced in paragraph 37 of the Presentence Report in the instant case.

5

conviction and that it was his felony conviction.[5]

As pointed out in paragraph 48 of the Presentence Report from the Federal 1994 heroin conviction (hereinafter "1994 PSR"), the Probation Office had described defendant's prior Canadian convictions based upon a criminal history summary provided by the Royal Canadian Mounted Police (RCMP). However, as the Probation Office also noted, "[a]dditional information for each conviction could not be obtained by the U.S. Probation Office because the defendant declined to sign the necessary consent forms". See 1994 PSR at paragraph 48.

Our initial sentencing statement also noted that although defendant had reserved the opportunity in his plea agreement in the Federal 1994 heroin case to contest his Canadian convictions other than the one he had stipulated-to, he ultimately elected not to do so. Defendant neither disputed these Canadian convictions in his sentencing statement nor made any objections thereto at the sentencing hearing in the Federal 1994 heroin case.[6]

In the instant case, the Probation Office again relied upon

---

[5] Defendant's written plea agreement from the Federal 1994 heroin conviction is a matter of record in the instant case, a copy of which having been filed as Exhibit "1" to the United States' Motion for Upward Departure, filed 8/12/02.

[6] Copies of defendant's sentencing statement and the sentencing transcript from the Federal 1994 heroin case are attached as Ex "2" and "3" to our Motion for Upward Departure, filed in the instant case on 8/12/02.

the same RCMP criminal history summary from the Federal 1994 heroin case to identify defendant's prior Canadian convictions. See paragraph 37 of the PSR in the instant case. Defendant's Sentencing statement, filed in the instant case on August 21, 2002, did not interpose any objections at all to this PSR.

Therefore, while it is not entirely clear whether defendant is now contesting his prior Canadian convictions, if he is in fact doing so now, then the question arises as to whether he should be permitted to do so at this late date under the circumstances enumerated above. This is particularly so because defendant himself, in the earlier case, has frustrated the Probation Office's efforts to obtain additional documentation pertaining to these prior convictions from Canada.

As we have pointed out in our previously-filed Sentencing Memorandum dated 11/28/05, in the post-Booker realm of advisory Guidelines, it is still entirely proper for this Court to utilize the Guidelines in the exercise of its sentencing discretion. Under the Guidelines, foreign convictions ("sentences") may not be used to establish a suspect's criminal history category (see Guideline 4A1.2(h)), but can nevertheless be utilized to establish that a suspect's criminal history category is under-represented pursuant to Guideline 4A1.3. In defendant's case herein, his Criminal History category is reported as a mere "III", see PSR at paragraph 67, which for the reasons previously

7

stated in our upward departure motion, does not truly reflect the magnitude of his criminality over time.

The recent case of United States v. Cantrell, 433 F.3d 1269, 2006 WL 73483 (9th Cir. 2006) suggests the proper sentencing procedure to be followed under the post-Booker advisory Guidelines regime from the perspective of appellate review thereof, which is: first, the District Court's determination of the applicable Guidelines, followed by the District Court's exercise of its discretion in imposing the overall sentence in the light of the factors enumerated in 18 U.S.C. 3553(a).

For the reasons set forth herein, defendant's contentions in his supplemental sentencing memorandum are without merit and should be rejected by this Court.

DATED: Honolulu, Hawaii, February 27, 2006.

                                      EDWARD H. KUBO, JR.
                                      United States Attorney
                                      District of Hawaii


                                      By /s/ Michael K. Kawahara
                                         MICHAEL K. KAWAHARA
                                         Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

David F. Klein   dk@thedefense.com     February 27, 2006

Served by hand-delivery:

Ms. Ellie N. Asasaki                    February 27, 2006
U.S. Probation
300 Ala Moana Blvd.
Honolulu, HI


                              /s/ Rowena N. Kang