EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA 1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Mike.Kawahara@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 06-0331ACK |
| | ) | CR. NO. 02-0099ACK |
| Plaintiff, | ) | |
| | ) | ORDER WAIVING DEFENDANT'S |
| VS. | ) | ATTORNEY-CLIENT PRIVILEGE WITH |
| | ) | RESPECT TO THE INSTANT 2255 |
| LARON KEVIN KORTGAARD, | ) | PROCEEDINGS |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER WAIVING DEFENDANT'S ATTORNEY-CLIENT
PRIVILEGE WITH RESPECT TO THE INSTANT 2255 PROCEEDINGS**

On June 20, 2006, defendant Laron Kevin Kortgaard effected
the pro se filing of his "Motion Under 28 U.S.C. 2255 to Vacate,
Set Aside, or Correct Sentence by a Person in Federal Custody"
(hereinafter "2255 petition") in the above-captioned civil case.
In Ground One of his 2255 petition, defendant has asserted the
alleged ineffective assistance of appointed defense counsel David
F. Klein, Esq., at his sentencing for failing to seek a
concurrent (as opposed to consecutive) sentence for the alleged

crime and his separate TSR (Term of Supervised Release) violation.  By like token, in Grounds Two, Three, and Four of his 2255 petition, defendant has alleged ineffective assistance of then-Assistant Federal Public Defender Michael A. Weight in not requesting alibi and "Allen" charge jury instructions at the trial.[1]

In <u>Bittaker v. Woodford</u>, 331 F.3d 715, 716 (9th Cir. 2003), the Ninth Circuit has held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer".  Given defendant's ineffective assistance of counsel claims asserted against defense counsel Michael A. Weight and David F. Klein in his 2255 petition, it is hereby ordered that defendant's attorney-client privilege with respect to all of the communications, both verbal and written, with said attorneys, as well as the records of said attorneys associated therewith (including those held and maintained by the Federal Public Defender's Office in Honolulu, HI), is hereby waived for the purposes of the instant case.  Consequently, said attorneys may testify (should an evidentiary hearing become necessary) and otherwise provide information concerning their communications

---

[1] Mr. Weight has subsequently retired from the Federal Public Defender's Office.

with defendant and other information and evidence from their records to the United States and this Court in this case to resolve the aforesaid allegations in defendant's 2255 petition, and they may do so without regard to the attorney-client privilege.

However, also in accordance with Bittaker v. Woodford, any such testimony and/or other information provided by said attorneys, as well as any records which they may have in connection therewith, shall only be used by the United States Attorney's Office for the District of Hawaii in the instant case and for no other purpose without further order from this Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2006.


_____
Alan C. Kay
Sr. United States District Judge

APPROVED AS TO FORM:


/s/ Peter C. Wolff, Jr.
PETER C. WOLFF, JR.
Federal Public Defender


/s/ David F. Klein
DAVID F. KLEIN
Defense Counsel




USA v. Kortgaard, USDC-Hawaii Civil No. 06-0331ACK & Crim. No.
02-0099ACK, Order Waiving Defendant's Attorney-Client Privilege
with Respect to the Instant 2255 Proceeding.