```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CIVIL NO. 06-0331ACK
                             )   CR. NO. 02-0099ACK
              Plaintiff,     )
                             )   DECLARATION OF MICHAEL A.
         VS.                 )   WEIGHT
                             )
LARON KEVIN KORTGAARD,       )
                             )
              Defendant.     )
_____)
```

## **DECLARATION OF MICHAEL A. WEIGHT**

MICHAEL A. WEIGHT, upon penalty of perjury, declares and states as follows:

1. I have been an attorney licensed in State of Hawaii since 1967. I have been in private practice, specializing in criminal law in both Federal and State Courts, during the period March 1974 - October 1997. In addition, I was an Assistant Federal Public Defender in the District of Hawaii during the period October 1997 - December 2005. I retired from the practice of law on December 31, 2005.

2. In March 2002, in my capacity as an Assistant Federal Public Defender, I was appointed to represent defendant Laron Kevin Kortgaard in the above-captioned criminal case, which involved allegations of marijuana cultivation in Volcanoes National Park on the Island of Hawaii.

3. Mr. Kortgaard had made it clear to me that he desired to go to trial and that he was unwilling to consider any plea alternative. In my pretrial planning for defendant's trial

defense, I did not consider an alibi defense to be feasible, because defendant was actually present in Marijuana Patch #1 on March 15, 2002 (caught on videotape) and in addition, defendant had allegedly made <u>post</u>-arrest admissions to a DEA Agent that he had gone to Marijuana Patch #1 on at least three prior occasions and to Marijuana Patch #2 a couple of times.  Given that there would be trial testimony that defendant was actually "present" several times in the marijuana patches, I elected, with defendant's express concurrence, to proceed on a "mere presence"/reasonable doubt theory of defense.  This was reflected in the "theory of defense" jury instruction which I requested.

    4.  The defense trial strategy changed somewhat during the trial after discovery of the Government's failure to provide the sensor log in a timely fashion.  However, after having a trial continuance of about a week to thoroughly examine the log, I came to the conclusion that it would not establish a viable alibi defense.  In addition to the considerations previously discussed, there were many instances of activity recorded by the sensors within and around the marijuana patches when defendant was "on-island" (and he only lived about 12 miles away from the patches).  That is to say, the Government's failure to produce that log in a timely manner allowed other defense theories to be argued to the jury, as e.g., being permitted by the Court to hold this against the prosecution and to demonstrate the incompleteness and

incompetence of the investigation.  However, as a tactical matter, the problem still remained that there was considerable trial evidence that defendant was "present".  Consequently, I decided not to request an alibi instruction, so as to avoid having this defense contradict or otherwise detract from the defense presentation as a whole.

    I DECLARE THE FOREGOING TO BE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

    DATED: Honolulu, Hawaii, July 18, 2006.

    /s/ Michael A. Weight
    MICHAEL A. WEIGHT