EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA 1460
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Mike.Kawahara@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 06-0331ACK |
| | ) | CR. NO. 02-0099ACK |
| Plaintiff, | ) | |
| | ) | SUPPLEMENTAL OPPOSITION MEMO- |
| VS. | ) | RANDUM TO DEFENDANT'S REPLY |
| | ) | TO GOVERNMENT'S OPPOSI- |
| LARON KEVIN KORTGAARD, | ) | TION TO DEFENDANT'S 2255 |
| | ) | PETITION; EXHIBITS "1" - "2" |
| Defendant. | ) | |
| _____ | ) | |

**SUPPLEMENTAL OPPOSITION MEMORANDUM TO**
**DEFENDANT'S REPLY TO GOVERNMENT'S**
**OPPOSITION TO DEFENDANT'S 2255 PETITION**

In his so-called "Reply to Government's Opposition to

Defendant's 2255 Petition" dated August 30, 2006 (hereinafter

"Reply"), defendant Kortgaard hardly breathed one word of

opposition to the United States' prior, responsive memorandum.

Rather, defendant devoted his Reply to raising entirely new

issues concerning the revocation of his Term of Supervised

Release (TSR) in his prior, Federal heroin conviction in USDC-

Hawaii Criminal No. 93-01704ACK (in our prior opposition

memorandum, referred-to as defendant's "prior heroin

conviction").  For the reasons set forth herein, all of these new

issues raised by defendant may be summarily denied.

As this Court may recall, the defendant was convicted in the

above-captioned criminal case (USDC-Hawaii Cr. NO. 02-0099ACK) of

marijuana manufacture and initially sentenced herein on July 15,

2003 to 46 months imprisonment.  That same crime constituted a

violation of defendant's TSR stemming from the prior heroin

conviction, and this Court also sentenced defendant on July 15,

2003 to a 46 month incarceration term for the TSR violation,

consecutive to the imprisonment sentence adjudged in the above-

captioned criminal case.[1]

Attached Exhibit "2" is a copy of this Court's Docket Sheet

in the prior heroin conviction (USC-Hawaii Cr. No. 93-01704ACK),

and it clearly indicated that defendant never appealed the 46

month imprisonment sentenced imposed for the TSR violation. See

Ex. "2" at 13-4.  In other words, that sentence became final

---

[1] In this connection, this Court may wish to consider
authorizing the opening of a new civil case for this Reply.  All
of the issues raised in this Reply only affect the heroin
importation case and not the above-captioned criminal case.
Since this Court's practice is to maintain 2255 petitions with
the underlying criminal case, it would be administratively
confusing to have any 2255 rulings affecting the heroin
importation case maintained in a different file.

sometime in July - August 2003, after the prescribed ten day

appeal period had expired.

Consequently, defendant's present attempt in his Reply to

set aside this sentence stemming from his TSR violation is well-

beyond the one year period of limitations prescribed by 28 U.S.C.

2255 and is time-barred.[2]

Alternatively, on the merits, defendant is entirely

incorrect on the applicable law and Guidelines.  First, taking

into account defendant's prior heroin conviction, he faced a

maximum statutory penalty of thirty (30) years incarceration for

---

[2] 28 U.S.C. 2255 states in this connection that:

A 1-year period of limitation shall apply to a motion under
this section.  The limitation period shall run from the
latest of-

(1) the date on which the judgement of conviction
becomes final;

(2) the date on which the impediment to making a motion
created by governmental action in violation of the
Constitution or laws of the United States is removed, if the
movant was prevented from making a motion by such
governmental action;

(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

Only Subsection (1) applies herein.  Defendant has neither made
any showing, nor in any event are there any other discernible
reasons, why subsections (2) - (4) would be applicable to him.

the marijuana manufacture crime in the above-captioned criminal

case.  See 21 U.S.C. 841(b)(1)(C).  As such, this crime was a

Grade A violation, and not, as suggested by defendant in his

Reply, merely a Grade B violation.[3]

Second, the offense of conviction in defendant's prior

heroin conviction was unlawful importation of 100+ grams of

heroin, which as a result of his prior Canadian felony drug

conviction, resulted in a statutory penalty of 10 years - life

imprisonment.  See 21 U.S.C. 841(b)(1)(B).  As such, defendant's

underlying heroin importation offense for which he had been

placed on TSR was a Class A felony (maximum penalty being life

imprisonment, see 18 U.S.C. 3559(a)(1)).

Third, as indicated in the Presentence Report for the prior

heroin conviction, his Criminal History Category at the time of

---

Guideline 7B1.1(a)(1) defined a Grade A violation as:

[C]onduct constituting[:]

    (A) a federal, state, or local offense punishable by a
term of imprisonment exceeding one year that is (I) a crime
of violence, (ii) is a controlled substance offense, or
(iii) involves possession of a firearm or destructive device
. . .; or

    (B) any other federal, state, or local offense
punishable by a term of imprisonment exceeding twenty
years".

[emphasis added].

his original sentencing and imposition of the TSR (that is, March 7, 1994, <u>see</u> attached Ex. "2" at 8) was "IV".

With the foregoing factors-- that defendant's current TSR violation was a Grade A violation, that defendant's prior heroin importation conviction was a Class A felony, and that his Criminal History Category was originally "IV" at the time the TSR was imposed-- then under the Revocation Table in Guideline 7B1.4(a), defendant's sentencing range was 37 - 46 months.

In this regard, inasmuch as defendant was on a TSR for a Class A felony (i.e., the heroin importation offense), this Court could very well have sentenced defendant for the instant TSR violation to up to five years imprisonment. <u>See</u> 18 U.S.C. 3583(e)(3).  In point of fact, as evidenced by attached Exhibit "1", the United States had actually made an upward departure motion for defendant to be so sentenced.  However, this Court declined to grant this upward departure motion.  <u>See</u> Ex. "2" at 13.

For the reasons set forth herein, it was entirely proper for this Court to have sentenced defendant for the TSR violation to a 46 months imprisonment term.  In short, all of the new issues

//

//

//

raised by defendant in his Reply are meritless and they should be

denied in full.

    DATED: Honolulu, Hawaii, September 6, 2006.

                    EDWARD H. KUBO, JR.
                    United States Attorney
                    District of Hawaii


                    By /s/ Michael K. Kawahara
                       MICHAEL K. KAWAHARA
                     Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

Mr. Laron Kevin Kortgaard                September 6, 2006
Prisoner #82467-022
FCI Lompoc
3600 Guard Road
Lompoc, CA 93436

   Pro se


                                   /s/ Rowena N. Kang