EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA 1460
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Mike.Kawahara@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 06-0331ACK |
| | ) | CR. NO. 02-0099ACK |
| Plaintiff, | ) | |
| | ) | SUPPLEMENTAL OPPOSITION MEMO- |
| VS. | ) | RANDUM TO DEFENDANT'S REPLY |
| | ) | TO GOVERNMENT'S OPPOSI- |
| LARON KEVIN KORTGAARD, | ) | TION TO DEFENDANT'S 2255 |
| | ) | PETITION; EXHIBITS "1" - "2" |
| Defendant. | ) | |
| _____ | ) | |

**SUPPLEMENTAL OPPOSITION MEMORANDUM TO
DEFENDANT'S REPLY TO GOVERNMENT'S
OPPOSITION TO DEFENDANT'S 2255 PETITION**

In his so-called "Reply to Government's Opposition to Defendant's 2255 Petition" dated August 30, 2006 (hereinafter "Reply"), defendant Kortgaard hardly breathed one word of opposition to the United States' prior, responsive memorandum. Rather, defendant devoted his Reply to raising entirely new issues concerning the revocation of his Term of Supervised

Release (TSR) in his prior, Federal heroin conviction in USDC-Hawaii Criminal No. 93-01704ACK (in our prior opposition memorandum, referred-to as defendant's "prior heroin conviction"). For the reasons set forth herein, all of these new issues raised by defendant may be summarily denied.

As this Court may recall, the defendant was convicted in the above-captioned criminal case (USDC-Hawaii Cr. NO. 02-0099ACK) of marijuana manufacture and initially sentenced herein on July 15, 2003 to 46 months imprisonment. That same crime constituted a violation of defendant's TSR stemming from the prior heroin conviction, and this Court also sentenced defendant on July 15, 2003 to a 46 month incarceration term for the TSR violation, consecutive to the imprisonment sentence adjudged in the above-captioned criminal case.[1]

Attached Exhibit "2" is a copy of this Court's Docket Sheet in the prior heroin conviction (USC-Hawaii Cr. No. 93-01704ACK), and it clearly indicated that defendant never appealed the 46 month imprisonment sentenced imposed for the TSR violation. See Ex. "2" at 13-4. In other words, that sentence became final

---

[1] In this connection, this Court may wish to consider authorizing the opening of a new civil case for this Reply. All of the issues raised in this Reply only affect the heroin importation case and not the above-captioned criminal case. Since this Court's practice is to maintain 2255 petitions with the underlying criminal case, it would be administratively confusing to have any 2255 rulings affecting the heroin importation case maintained in a different file.

sometime in July - August 2003, after the prescribed ten day appeal period had expired.

Consequently, defendant's present attempt in his Reply to set aside this sentence stemming from his TSR violation is well-beyond the one year period of limitations prescribed by 28 U.S.C. 2255 and is time-barred.[2]

Alternatively, on the merits, defendant is entirely incorrect on the applicable law and Guidelines.  <u>First</u>, taking into account defendant's prior heroin conviction, he faced a maximum statutory penalty of thirty (30) years incarceration for

---

[2] 28 U.S.C. 2255 states in this connection that:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-

   (1) the date on which the judgement of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only Subsection (1) applies herein.  Defendant has neither made any showing, nor in any event are there any other discernible reasons, why subsections (2) - (4) would be applicable to him.

the marijuana manufacture crime in the above-captioned criminal case.  See 21 U.S.C. 841(b)(1)(C).  As such, this crime was a Grade A violation, and not, as suggested by defendant in his Reply, merely a Grade B violation.[3]

Second, the offense of conviction in defendant's prior heroin conviction was unlawful importation of 100+ grams of heroin, which as a result of his prior Canadian felony drug conviction, resulted in a statutory penalty of 10 years - life imprisonment.  See 21 U.S.C. 841(b)(1)(B).  As such, defendant's underlying heroin importation offense for which he had been placed on TSR was a Class A felony (maximum penalty being life imprisonment, see 18 U.S.C. 3559(a)(1)).

Third, as indicated in the Presentence Report for the prior heroin conviction, his Criminal History Category at the time of

---

Guideline 7B1.1(a)(1) defined a Grade A violation as:

 [C]onduct constituting[:]

  (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that is (I) a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device . . .; or

  (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years".

 [emphasis added].

his original sentencing and imposition of the TSR (that is, March 7, 1994, see attached Ex. "2" at 8) was "IV".

With the foregoing factors-- that defendant's current TSR violation was a Grade A violation, that defendant's prior heroin importation conviction was a Class A felony, and that his Criminal History Category was originally "IV" at the time the TSR was imposed-- then under the Revocation Table in Guideline 7B1.4(a), defendant's sentencing range was 37 - 46 months.

In this regard, inasmuch as defendant was on a TSR for a Class A felony (i.e., the heroin importation offense), this Court could very well have sentenced defendant for the instant TSR violation to up to five years imprisonment.  See 18 U.S.C. 3583(e)(3).  In point of fact, as evidenced by attached Exhibit "1", the United States had actually made an upward departure motion for defendant to be so sentenced.  However, this Court declined to grant this upward departure motion.  See Ex. "2" at 13.

For the reasons set forth herein, it was entirely proper for this Court to have sentenced defendant for the TSR violation to a 46 months imprisonment term.  In short, all of the new issues

//
//
//

raised by defendant in his Reply are meritless and they should be denied in full.

    DATED: Honolulu, Hawaii, September 6, 2006.

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii

                              By <u>/s/ Michael K. Kawahara</u>
                                  MICHAEL K. KAWAHARA
                                  Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

   I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

| | |
|---|---|
| Mr. Laron Kevin Kortgaard<br>Prisoner #82467-022<br>FCI Lompoc<br>3600 Guard Road<br>Lompoc, CA 93436 | September 6, 2006 |

 Pro se

                /s/ Rowena N. Kang