EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 2 2002

at 9 o'clock and 19 min. 9 M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 93-1704ACK |
| | ) | |
| Plaintiff, | ) | MOTION FOR UPWARD |
| | ) | DEPARTURE IN RESENTENCING |
| VS. | ) | DEFENDANT FOR TSR VIOLATION; |
| | ) | MEMORANDUM IN SUPPORT OF |
| LARON KEVIN KORTGAARD, | ) | MOTION; CERTIFICATE OF SERVICE |
| | ) | |
| | ) | Hearing Date: 9/30/02, 1:30 |
| Defendant. | ) | p.m., before the Hon. Alan C. |
| | ) | Kay |

## MOTION FOR UPWARD DEPARTURE IN RESENTENCING DEFENDANT FOR TSR VIOLATION

The United States of America hereby moves this Honorable Court to upwardly depart and re-sentence defendant Laron Kevin Kortgaard for his Term of Supervised Release ("TSR") violations in excess of that provided-for in the Revocation Table in U.S. Sentencing Commission Guideline 7B1.4.

This motion is based upon the attached Memorandum in Support

of Motion and the Record and files herein.

DATED: Honolulu, Hawaii, August 12, 2002.

                              EDWARD H. KUBO, JR.
                              United States Attorney

                    By _____
                              MICHAEL K. KAWAHARA
                              Assistant U.S. Attorney

2

EXHIBIT 1
Page 2 of 8 Pages

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 93-1704ACK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| VS. | ) | |
| | ) | |
| LARON KEVIN KORTGAARD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

On April 12, 2002, this Court authorized the initiation of proceedings to revoke defendant Kortgaard's Term of Supervised Release ("TSR") and to resentence him. The alleged violations were:

(1) Kortgaard's urine sample testing positive for THC on January 10, 2002; and

(2) Kortgaard's manufacture and possession with intent to distribute 50+ marijuana plants during the period 12/27/01 - 3/15/02.

The same allegations set forth in Violation #2 were also charged against Kortgaard by way of Indictment in this Court's Criminal No. 02-0099ACK (hereinafter "companion criminal case"). By prior Orders entered May 2 and 3, 2002, this Court has already assigned both that criminal case and the instant TSR revocation action to Senior U.S. District Judge Kay for disposition.

The jury has convicted Kortgaard of manufacturing marijuana

EXHIBIT 1
Page 3 of 8 Pages

in the companion criminal case in May 2002. Sentencing therein and further proceedings in the TSR revocation action have been scheduled for September 30, 2002. This Court may rely upon the jury's conviction of Kortgaard to establish the TSR violation of manufacturing marijuana. Furthermore, even though the jury acquitted Kortgaard of the second count (possession with intent to distribute), this Court heard the trial evidence and notwithstanding that jury verdict, can independently determine that "intent to distribute" was proven by a preponderance of the evidence. See 18 U.S.C. 3583(e)(3).

**KORTGAARD'S TERM OF IMPRISONMENT FOR THE TSR VIOLATION**

Pursuant to the policy statement in Chapter 7, Guideline 7B1.4(a), Kortgaard's recommended imprisonment range in the Revocation Table is 37 - 46 months.[1] However, because the underlying crime was a Class A felony, this Court may, pursuant to 18 U.S.C. 3583(e)(3), sentence Kortgaard up to five years

---

[1] The instant marijuana manufacture crime is a Grade A violation (see Guideline 7B1.1(a)(1)), for which the Court is required to revoke supervised release. See Guideline 7B1.3(a)(1).

The underlying heroin importation offense for which Kortgaard was on TSR was a Class A felony (maximum penalty being life imprisonment, see 18 U.S.C. 3559(a)(1)). Kortgaard's heroin importation crime involved 100+ grams of heroin, and as a result of his prior Canadian felony drug conviction, he faced a statutory imprisonment sentence of 10 years - life. See 21 U.S.C. 841(b)(1)(B).

As indicated in his Presentence Report for the heroin importation conviction, his Criminal History Category at the time of his original sentencing was "IV".

2

EXHIBIT ___1___
Page _4_ of _8_ Pages

imprisonment for this TSR violation. For the reasons set forth herein, we contend that Kortgaard should incarcerated for the full five years authorized by the statute.

In United States v. George, 184 F.3d 1119 (9th Cir. 1999), and United States v. Tadeo, 222 F.3d 623 (9th Cir. 2000), the Ninth Circuit held that while a District Court must consider the Chapter 7 policy statements (specifically, the Revocation Table), it is not bound thereby and has the discretion to adjudge a sentence in excess of recommended sentencing ranges.[2] As the Ninth Circuit aptly put it in George, 184 F.3d at 1121-2, "[b]ecause the Commission has not yet issued guidelines relating to revocation of supervised release or changed its view that the Chapter 7 policy statements are merely advisory, we see no reason to reduce the flexibility of district courts in sentencing supervised release violators", and "[t]he law of our circuit continues to be that the policy statements in Chapter 7 are advisory".

There are several cogent reasons why this Court should depart upward and re-sentence defendant in excess of the recommended Revocation Table sentencing range. First,

---

[2] In George, the Ninth Circuit affirmed a sentence of 23 months for the TSR violation, where the Revocation Table recommended only 7 - 13 months. In Tadeo, the sentencing court had rejected the Revocation Table's suggested 8 - 14 month range and instead sentenced defendant to 21 months, which was also affirmed on appeal.

3

EXHIBIT 1
Page 5 of 8 Pages

defendant's instant marijuana manufacture violation is a continuation of his extensive association with illegal drugs, as evidenced by his numerous drug arrests and convictions in the United States and Canada.  <u>Second</u>, this marijuana offense is rather flagrant, commencing less than one year after his release from Federal custody for his heroin importation conviction. <u>Third</u>, as this Court may recall from our Trial Memorandum filed 5/8/02 in the companion criminal case, the National Park Service ("NPS") Rangers had found in the trash at Kortgaard's residence an instruction sheet for a product called "Naturally Klean" 3-Hour Quick Flush.  As indicated in the advertisement in one of Kortgaard's "High Times" magazines (also found at his residence), this product's intended purpose was to flush the body of illegal drug metabolites so that the user could pass his urinalysis test.[3]  One of Kortgaard's TSR conditions was his submission to periodic drug testing.  More than anything else, Kortgaard's possession of this discarded instruction sheet-- clearly inferring his use of this product-- demonstrated that he never had any intention to abide by his TSR conditions at any time and more importantly, that he was more concerned about camoflaging his return to the criminality which had characterized the majority of his life.

---

[3] Copies of this instruction sheet and the "High Times" advertisement were attached as Exhibits "A" and "C" to this Trial Memorandum.

4

EXHIBIT 1
Page 6 of 8 Pages

In short, there is no rehabilitative purpose to be served by imposing a lesser sentence on Kortgaard. The only viable option is to deter Kortgaard and to protect society at large by re-sentencing him to the longest incarceration term permitted by law.

There is also a separate question of whether Kortgaard's sentence for this TSR violation should be consecutive to, or merely concurrent with, any sentence adjudged in the companion criminal case. The U.S. Sentencing Commission takes the position that the sentences must be be consecutive:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, <u>whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release</u>.

Guideline 7B1.3(f) [emphasis added].[4]

For the same reasons articulated earlier, we believe that justice can only be served by insuring the Kortgaard be incarcerated for the longest period allowable. Therefore, the imposition of a consecutive sentence for this TSR violation is amply justified and well-deserved.

Finally, in order to assure procedural compliance with Guideline 7B1.3(f), we recommend that this Court first sentence Kortgaard in the companion criminal case (with crediting for time

---

[4] Guideline 7B1.3, of course, is a policy statement.

5

EXHIBIT 1
Page 7 of 8 Pages

served in pretrial detention), and then proceed with the instant TSR proceeding.

DATED: Honolulu, Hawaii, August 12, 2002.

EDWARD H. KUBO, JR.
United States Attorney

By /s/ Michael K. Kawahara
MICHAEL K. KAWAHARA
Assistant U.S. Attorney