ORIGINAL

LARON KEVIN KORTGAARD
Reg. No. 82467-022
3600 Guard Road
Lompoc, CA 93436

in pro se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 7 2006

at 2 o'clock and 40 min. P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. 06-0331ACK |
| Plaintiff, | CR. NO. 02-0099ACK |
| vs. | REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S §2255 PETITION. |
| LARON KEVIN KORTGAARD, | |
| Defendant. | |

Laron Kevin Kortgaard, Petitioner in pro se, hereby replies to the government's opposition to §2255 motion now before this Court.

PRO SE STATEMENT

The Petitioner has proceeded with retained counsel up until the point of filing the §2255 motion. The Petitioner had a "jailhouse lawyer" prepare his §2255 petition. After having the pleading carefully reviewed by someone much more knowledgeable on the law, I realized that I neglected to argue a very important issue. With the Court's permission, and the Supreme Court's holding that pro se litigant's pleadings must construed very liberally, I request the following amendments.

1

The Petitioner respectfully requests that the following argument be amended to the §2255 proceeding:

THE COURT EXCEEDED THE STATUTE BY SENTENCING MR. KORTGAARD TO 46 MONTHS FOR HIS SUPERVISED RELEASE VIOLATION.

Pursuant to 18 U.S.C. §3583(e)(3) a defendant cannot be sentenced to over 3 years for a Class B felony. This Court sentenced Mr. Kortgaard to 46 months. Furthmore, under the advisory guidelines, §7B1.4, the Supervised Release Revocation Table recommends a sentence of only 21-27 months. Mr. Kortgaard is Grade B, Criminal History Category VI. Even the high-end of the guideline chart would give Mr. Kortgaard 27 months, which is more than enough punishment pursuant to 18 U.S.C. §3553(a) considering the violation sentence runs consecutive to the sentence for the instant offense.

By statute and guideline, the Court wrongfully sentenced Mr. Kortgaard in excess of the legal and appropriate sentence. Therefore, Mr. Kortgaard respectfully requests that the Court grant his §2255 and resentence him to 46 months for the crime and 24 months for the Supervised Release Violation to run consecutive. Mr. Kortgaard submits on all other issues with no further argument.

FED. R. CIV. P. RULE 15 PERMITS MR. KORTGAARD TO AMEND TO HIS §2255 AS LONG AS THE GOVERNMENT IS GIVEN TIME TO RESPOND TO THE NEW AMENDMENT.

Pursuant to Rule 15(a), a party may amend his pleading freely when justice so requires. Eminence Capital LLC v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). In a §2255 motion, a pro se litigant is extended the latitude to freely

2

amend his pleading unlimited times prior to final disposition. The Court must give the opposing party time to respond. See <u>Felix v. Mayle</u>, 379 F.3d 612 (9th Cir. 2004), also see, <u>Public Util. Grays Harbor WA. v. Idacorp</u>, 379 F.3d 641 (9th Cir. 2004).

Without granting a defendant leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment. <u>Verizon Delaware v. Covad Communications</u>, 377 F.3d 1081 (9th Cir. 2004). Pursuant to Rule 15(a), leave to amend shall be freely given and permitting relating back pursuant to Rule 15 (c). <u>Kwai Fun Wong</u>, 373 F.3d 952 (9th Cir. 2004). Rule 15(a) gives defendant's latitude to be able to raise all of defenses in one or more pleadings. <u>Ellzey v. United States</u>, 324 F.3d 521, 526 (7th Cir. 2003). For the foregoing reasons, Mr. Kortgaard should be allowed to amend to his §2255 motion to include this argument regarding the excessive supervised release sentence.

<u>THE COURT MUST GIVE ADVANCED NOTICE OF AN UPWARD VARIANT IN SENTENCE PURSUANT TO FED. R. CRIM. P. RULE 32(H).</u>

Since the Court departed upward in the sentence for the supervised release violation, it was required to give advanced notice pursuant to Rule 32(h). This rule survives <u>Booker</u>. Regardless, the sentence was still illegal because it exceeded the statute. This is simply another error by the Court which mandates resentencing.

///

3

1    For the foregoing reasons, it is requested that the
2 Court amend the §2255 to include the Supervised Release matter
3 discussed in this brief and give the government additional time
4 to respond.  Mr. Kortgaard submits on all other issues with no
5 further argument.

7  DATED: August 30/2006              Respectfully submitted,

10                                     */s/ Laron Kevin Kortgaard*
      LARON KEVIN KORTGAARD,
11    Petitioner, in pro se

13  ///

# PROOF OF SERVICE BY MAIL

I am over the age of 21 years old and not a party to this action. On August 31, 2006, I placed a copy of this motion in a sealed envelope with proper postage affixed and placed it in a United States Mailbox located at: 3600 Guard Road, Lompoc, CA 93436, and I mailed a copy to:

Michael K. Kawahara, AUSA
U.S. Attorneys Office
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, HI 96850

DATED: 1-30-06

_____
STEVEN COMISAR

///

5