IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARON KEVIN KORTGAARD, | ) | Civ. No. 06-00331 ACK/LEK |
| | ) | Cr. No. 02-00099 ACK/LEK |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |
| | ) | |

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

Laron Kevin Kortgaard ("Defendant") moves this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See Motion Under § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Jun. 20, 2006) ("Motion"). The Court denies the Motion.

BACKGROUND

An indictment returned by a federal grand jury on March 28, 2002 charged Defendant with the following counts:

(1) During the period on or about December 27, 2001 to on or about March 15, 2002, Defendant knowingly and intentionally manufactured marijuana, to wit: the cultivation of fifty or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

(2) During the period on or about December 27, 2001 to on or about March 15, 2002, Defendant knowingly and intentionally possessed marijuana with intent to distribute, to wit: fifty or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

A jury convicted Defendant on Count 1 (manufacturing) and acquitted him on Count 2 (possession with intent to distribute). See Verdict (Jun. 4, 2002). On July 15, 2003, the Court sentenced Defendant for his conviction. On that same day in a separate criminal proceeding (Cr. No. 93-01704 ACK), the Court sentenced Defendant for violation of supervised release, finding that he committed the instant offense while on supervised release in Cr. No. 93-01704 ACK. Defendant appealed his conviction and sentence for the instant offense; Defendant did not appeal his revocation of supervised release or sentence in Cr. No. 93-01704 ACK.

The U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed Defendant's conviction for the instant offense. See United States v. Kortgaard, 119 Fed. Appx. 148 (9th Cir. 2005). In a subsequent opinion, the Ninth Circuit vacated Defendant's sentence for the instant offense and remanded for resentencing under the now-advisory Sentencing Guidelines. See United States v. Kortgaard, 425 F.3d 602 (9th Cir. 2005).

On remand, this Court sentenced Defendant to: (1) a
term of 46 months imprisonment to run consecutive with the term
of imprisonment previously imposed in Cr. No. 93-01704 ACK and
(2) a term of 6 years of supervised release to run concurrent
with the term of supervised release imposed in Cr. No. 93-01704
ACK.  <u>See</u> Amended Judgment (Mar. 31, 2006).  These terms of
imprisonment and supervised release are materially identical to
those imposed in the initial sentencing, prior to remand.

Defendant appealed this sentence but subsequently
voluntarily withdrew the appeal.  <u>See</u> <u>United States v. Kortgaard</u>,
Order, No. 06-10253 (9th Cir. Jun. 29, 2006).

Defendant filed the instant Motion on June 20, 2006.[1]
The Government filed a Memorandum in Opposition to Defendant's
2255 Petition ("Opposition") on July 19, 2006.  Defendant filed a
Reply on September 7, 2006.[2]  The Government filed a
Supplemental Opposition Memorandum To Defendant's Reply To
Government's Opposition To Defendant's 2255 Petition on September

---

[1]This Court issued an Order Waiving Defendant's Attorney-
Client Privilege with Respect to the Instant 2255 Proceedings on
July 11, 2006.

[2]On August 29, 2006, the Court issued an Order Granting
Extension of Time, in which the Court set a deadline of September
15, 2006 for Defendant to file an optional reply in support of
the Motion.  The next day (August 30, 2006), Defendant signed and
mailed his Reply.  That Reply was received in this Court on
September 7, 2006.

6, 2006.[3/]  Defendant filed a Supplemental Reply on September 18, 2006.

## STANDARD

Pursuant to 28 U.S.C. § 2255 ("Section 2255"), a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: the judgment was rendered without jurisdiction; the sentence imposed was not authorized by law or otherwise open to collateral attack; or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

A court shall hold an evidentiary hearing on a motion under Section 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing." Id.  In short,

> The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.  A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or

---

[3/]The Government received a copy of Defendant's Reply and filed a response to that Reply prior to the date that the Reply was received by this Court.

patently frivolous as to warrant summary
dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)

(citations omitted); Shah v. United States, 878 F.2d 1156, 1158

(9th Cir. 1989); see also United States v. Quan, 789 F.2d 711,

715 (9th Cir. 1986) ("Where a prisoner's motion presents no more

than conclusory allegations, unsupported by facts and refuted by

the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility

is at issue, no evidentiary hearing is required if it can be

"'conclusively decided on the basis of documentary testimony and

evidence in the record.'" Shah, 878 F.2d at 1159 (quoting United

States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989)).  In

addition, judges may use discovery, documentary evidence, and

their own notes and recollections of the plea hearing and

sentencing process to supplement the record.  Shah, 878 F.2d at

1159.  "Judges may also use common sense." Id.  The choice of

method for handling a Section 2255 motion is left to the

discretion of the district court.  See id. (citing Watts v.

United States, 841 F.2d 275, 277 (9th Cir. 1988)).

As discussed below, the Court finds that Defendant's

arguments lack merit.  Because the record conclusively shows that

Defendant is not entitled to relief, a hearing is not warranted

in this case.

## DISCUSSION

In the Motion, Defendant seeks vacatur of his conviction pursuant to four separate grounds. Defendant claims that: (1) the "Court erred by imposition of [a] consecutive sentence and not concurrent;" (2) Defendant received ineffective assistance of counsel; (3) the "Court erred in not delivering jury instructions of Defendant's alibi defense, and Government's failure to produce logs;" and (4) Defendant "was prejudiced by trial judge by not supplementing the jury with 'Allen charge' instructions upon jury deadlock." Motion at 5-6, 8-9. With respect to each ground, Defendant claims that he received ineffective assistance of counsel at trial or on appeal. See id. at 5-8, 10-11. The Court finds no merit to any of Defendant's claims.[4/]

---

[4/]In his Reply, Defendant asks the Court to modify his Motion to include a challenge to the separate sentence imposed in the supervised release revocation proceeding, Cr. No. 93-01704 ACK. The Court notes that, ordinarily in a Section 2255 proceeding challenging a sentence, a defendant seeking to challenge a separate sentence imposed in a different underlying criminal matter should bring a separate Section 2255 motion challenging that sentence, and a separate civil docket would be opened. Nevertheless, the Court will permit Defendant to modify the instant Motion and the Court finds that Defendant's arguments challenging the sentence in Cr. No. 93-01704 ACK are without merit. First, Defendant's challenge is time barred because the sentence in Cr. No. 93-01704 ACK became final in August 2003, more than one year prior to the instant challenge. See 28 U.S.C. § 2255 (imposing a 1-year period of limitations from, among other dates, the date the judgment becomes final); United States v. Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (when sentence is not directly appealed, statute of limitations period
(continued...)

**A.    Ground One: Consecutive Sentence**

Defendant claims that the "Court erred by imposition of [a] consecutive sentence and not concurrent."  Motion at 5. Specifically, Defendant "contends that the Court erred by imposing a consecutive sentence to instant offense rather than the applicable §5G1.3(b)(1) and (2) [sic].  Movant's presentence report referenced prior drug offenses, thereby connoting relevant conduct to the instant."  Id.[5]

---

[4]/(...continued) for Section 2255 purposes begins to run upon the expiration of the time to file a direct appeal, which is ten days from entry of judgment).  Second, the 46 month term of imprisonment imposed in Cr. No. 93-01704 ACK did not exceed the maximum sentence authorized under 18 U.S.C. § 3583(e)(3) because the crime that resulted in the supervised release was a class A felony.  See 18 U.S.C. §§ 3559(a)(1) & 3583(e)(3).  Third, the 46 month term of imprisonment imposed in Cr. No. 93-01704 ACK did not exceed the term recommended in the Revocation Table in Guidelines § 7B1.4(a).  See U.S.S.G. §§ 5A, 7B1.4 cmt. n.1, & 7B.1.1(a)(1) (Nov. 1, 2002).  Fourth, the Court did not fail to give Defendant any notice required by Federal Rule of Criminal Procedure 32(h) and, in fact, the Court denied the Government's motion for upward departure.  Finally, the Court notes that in the Reply, Defendant asks for the terms of imprisonment in Cr. No. 02-00099 ACK and Cr. No. 93-01704 ACK to run consecutively.  See Reply at 2. Defendant was sentenced to consecutive terms of imprisonment in both cases and his request in the Reply contradicts his argument in the Motion that the Court should have ordered concurrent sentences.

[5]/As discussed, this Court sentenced Defendant to: (1) a term of 46 months imprisonment to run consecutive with the term of imprisonment previously imposed in Cr. No. 93-01704 ACK and (2) a term of 6 years of supervised release to run concurrent with the term of supervised release imposed in Cr. No. 93-01704 ACK.  See Amended Judgment (Mar. 31, 2006).  Defendant challenges only the consecutive nature of the term of imprisonment; Defendant does not challenge the 46 month term of imprisonment
(continued...)

7

A district court's decision to impose consecutive or concurrent sentences is governed by 18 U.S.C. § 3584 and United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 5G1.3. <u>United States v. Arellano-Torres</u>, 303 F.3d 1173, 1180 (9th Cir. 2002). Section 3584 states in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584 (2000).

Guidelines § 5G1.3 stated in relevant part:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the

---

[5]/(...continued)
itself nor the term of supervised release. Defendant did not appeal the separate sentence that was imposed in Cr. No. 93-01704 ACK upon revocation of supervised release, although he does purport to challenge the length of that sentence in his Reply in this case. <u>See</u> Transcript of Sentencing Proceeding at 6-8 (March 14, 2006); <u>see also</u> <u>supra</u> note 4. It is notable that Defendant does not object to the sentence in Cr. No. 93-01704 ACK being consecutive to the sentence in Cr. No. 02-00099 ACK; yet he does object to the sentence in Cr. No. 02-00099 ACK being consecutive to the sentence in Cr. No. 93-01704 - although he apparently withdraws this objection in his Reply (while seeking a reduction to the length of his sentence in Cr. No. 93-01704 ACK to 24 months).

undischarged term of imprisonment.
(b) If subsection (a) does not apply, and the
undischarged term of imprisonment resulted from
offense(s) that have been fully taken into account in
the determination of the offense level for the instant
offense, the sentence for the instant offense shall be
imposed to run concurrently to the undischarged term of
imprisonment.
(c) (Policy Statement) In any other case, the sentence
for the instant offense may be imposed to run
concurrently, partially concurrently, or consecutively
to the prior undischarged term of imprisonment to
achieve a reasonable punishment for the instant
offense.

U.S.S.G. § 5G1.3 (Nov. 1, 2002).[6/]

Subsection (a) of Guidelines § 5G1.3 did not apply to

Defendant because he did not commit the instant offense while

incarcerated. <u>See</u> U.S.S.G. § 5G1.3(a) (Nov. 1, 2002); <u>see also</u>

<u>Arellano-Torres</u>, 303 F.3d at 1180-81 (finding that subsection (a)

did not apply to defendant who committed the instant crime while

on probation for a prior state conviction).  Defendant does not

argue otherwise.  <u>See</u> Motion at 5 (arguing that subsection (b)

---

[6/]In this order, the Court analyzes Defendant's sentence
under the Guidelines that were in effect at the time of
Defendant's original sentencing on July 15, 2003.  <u>See</u> 18 U.S.C.
§ 3742(g)(1) (on remand sentencing, use the Guidelines that were
in effect on date of the previous sentencing); <u>United States v.
Bordon</u>, 421 F.3d 1202, 1205-07 (11th Cir. 2005) (finding that 18
U.S.C. § 3742(g)(1) requires a district court, when resentencing
after an appellate remand, to apply the Guidelines that were in
place prior to the appeal).  While the Court in this order
references the Guidelines as they were in effect at the time of
the original sentencing, the Court finds that the same
consecutive sentence would have been reached under the Guidelines
in effect at the time Defendant committed the crime (on or about
and up to March 28, 2002), at the time of resentencing (on March
31, 2006), or those Guidelines in effect today.

applied).

Subsection (b) of Guidelines § 5G1.3 did not apply to Defendant because the undischarged term of imprisonment did not result from offenses that were fully taken into account in the determination of the offense level for the instant offense.  See U.S.S.G. § 5G1.3(b) (Nov. 1, 2002).  No offense was fully taken into account because the term of imprisonment imposed in this case did not result from another offense that is relevant conduct to the instant offense conviction, and the offense level for the instant offense was not increased pursuant to any such basis.[7/] See U.S.S.G. §§ 5G1.3 cmt. n.2 (Nov. 1, 2002); U.S.S.G. § 1B1.3(a) (Nov. 1, 2002) (regarding relevant conduct that occurred during the commission of, in preparation for, or in attempting to avoid detection for the offense of conviction); see also U.S.S.G. App. C, Vol. II, Amendment 660 at 410 (Nov. 1, 2003) (clarifying in Nov. 1, 2003 amendment that §5G1.3(b) applies only to prior offenses that are relevant conduct to the instant offense and resulted in an increase in offense level for the instant offense); Arellano-Torres, 303 F.3d at 1180-81 (finding that

---

[7/]Under the Guidelines, the Court found a total offense level of 14, stemming from a base offense level of 14 and including no adjustments to the offense level.  See Transcript of Sentencing Proceeding at 21 (March 14, 2006) (finding total applicable offense level of 14); see also U.S.S.G. § 2D1.1(a)(3) (Nov. 1, 2002) (base offense level of 14 where at least 5 kilograms but less than 10 kilograms of marijuana are involved and certain other factors do not apply).

subsection (b) did not apply to defendant who committed the
instant crime while on probation for a prior state conviction,
and state probation had already been revoked at the time of
sentencing on the instant offense).

Subsection (c) of Guidelines § 5G1.3 applied to
Defendant because subsections (a) and (b) did not apply (as
discussed above) and Defendant had a "prior undischarged term of
imprisonment" resulting from his conviction in Cr. No. 93-01704
ACK. <u>See</u> U.S.S.G. § 5G1.3(c) & cmt. n.3 (Nov. 1, 2002); <u>see also</u>
<u>Arellano-Torres</u>, 303 F.3d at 1180-81 (finding that subsection (c)
applied to defendant who committed the instant crime while on
probation for a prior state conviction, and state probation had
already been revoked at the time of sentencing on the instant
offense).

Application Note 6 to Guidelines § 5G1.3 specifically
addressed Defendant's situation and recommended a consecutive
sentence. <u>See</u> <u>Arellano-Torres</u>, 303 F.3d at 1180-1181 (finding
that Application Note 6 addressed defendant's situation where
defendant committed the instant crime while on probation for a
prior state conviction, and state probation had already been
revoked at the time of sentencing on the instant offense).
Application Note 6 stated:

> <u>Revocations</u>.  If the defendant was on federal or state
> probation, parole, or supervised release at the time of
> the instant offense, and has had such probation,
> parole, or supervised release revoked, the sentence for

the instant offense should be imposed to run
<u>consecutively</u> to the term imposed for the violation of
probation, parole, or supervised release in order to
provide an incremental penalty for the violation of
probation, parole, or supervised release.

U.S.S.G. § 5G1.3 cmt. n.6 (Nov. 1, 2002) (citing Guidelines §

7B1.3) (emphasis added).

At the time of the instant offense, Defendant was

serving a term of supervised release in Cr. No. 93-01704 ACK; he

subsequently had that term of supervised release revoked as a

result of his conviction for the instant offense (and, the Court

notes, that revocation was not appealed). <u>See</u> Transcript of

Sentencing Proceeding at 6-8, 37-38 (March 14, 2006).  Thus, in

imposing a term of imprisonment to run consecutively to the term

of imprisonment imposed in Cr. No. 93-01704 ACK, the Court was

acting consistently with the language of Guidelines § 5G1.3 and

Application Note 6.[8]

Moreover, in sentencing Defendant to a consecutive

sentence, this Court considered and explicitly referenced 18

U.S.C. § 3584, the 18 U.S.C. § 3553(a) sentencing factors[9], and

---

[8]The Court notes that it had discretion to impose the
sentence to run concurrently, partially concurrently, or
consecutively, and was aware of that discretion when it sentenced
Defendant.  <u>See</u> 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c) (Nov. 1,
2002); <u>Arellano-Torres</u>, 303 F.3d at 1180-1181; <u>see also</u> <u>U.S. v.</u>
<u>Booker</u>, 125 S. Ct. 738 (2005) (U.S. Sentencing Guidelines are
advisory).

[9]18 U.S.C. § 3553(a) lists various factors to be considered
in imposing a sentence.

12

Application Note 4 to Guidelines § 7B1.3(f)[10] as considerations in its decision to impose a consecutive sentence.  <u>See</u> Transcript of Sentencing Proceeding at 35-38 (March 14, 2006).  The Court was aware of the applicable statutes and guidance contained in the Guidelines; the Court did not err in imposing a term of imprisonment to run consecutive to the term of imprisonment imposed in Cr. No. 93-01704 ACK.[11]

**B.    Ground Two: Ineffective Assistance of Counsel**

Defendant claims that he received ineffective assistance of counsel because "counsel failed to assert [Defendant's] right for the jury to be instructed as to alibi defense" and "counsel failed to raise [the] issue at sentencing of application of concurrent sentence rather than consecutive." Motion at 6.

---

[10]Application Note 4 recommends a consecutive sentence in a case such as this one.  Application Note 4 states, in part, that "it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run <u>consecutively</u> to any term of imprisonment imposed upon revocation."  <u>See</u> U.S.S.G. § 7B1.3 cmt. n.4 (Nov. 1, 2002) (emphasis added).  The Court notes that, similarly, with respect to a sentence imposed for violation of supervised release (such as in Cr. No. 93-01704 ACK), Guidelines § 7B1.3(f) states: "Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served <u>consecutively</u> to any sentence of imprisonment that the defendant is serving . . . ."  <u>See</u> U.S.S.G. § 7B1.3(f) (Nov. 1, 2005) (emphasis added).

[11]See, <u>infra</u>, section B.2 for a discussion of ineffective assistance of counsel as it relates to the imposition of a consecutive sentence.

To establish a claim of ineffective assistance of counsel, Defendant must demonstrate that (1) in light of all the circumstances, his counsel's performance was outside the "wide range of professionally competent assistance," by identifying specific material errors or omissions; and (2) his defense was so prejudiced by his counsel's errors that there is a reasonable probability that, but for his counsel's deficient representation, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). To successfully demonstrate ineffective assistance of counsel, Defendant must satisfy both prongs of the test. Id. at 697.

Defendant must also overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." See id. at 690; see also Michel v. Louisiana, 350 U.S. 91, 101 (1955) (finding that defendant must overcome the presumption of effectiveness, including the possibility that, under the circumstances, the challenged action might be considered sound trial strategy). Judicial scrutiny of counsel's performance must be highly deferential and must take into account the facts of the particular case, viewed at the time of counsel's conduct. See Strickland, 466 U.S. at 689-90.

14

1.   **Alibi Defense**

Defendant's trial counsel, Michael Weight, was not ineffective in failing to request a jury instruction regarding an alibi defense. <u>See</u> Motion at 6.

Defense counsel did not consider an alibi defense to be feasible because the Government had evidence that Defendant was personally present at the marijuana patches on numerous occasions. <u>See</u> Declaration of Michael A. Weight at 2 (July 18, 2006) ("Weight Decl."). First, the Government presented evidence that Defendant indicated in post-arrest statements to a DEA agent that he: had visited one marijuana patch (hereinafter "Patch 1") at least three times; touched some marijuana plants in Patch 1 on at least two occasions; noticed that the marijuana plants were growing and "budding" in that patch; and visited another marijuana patch (hereinafter "Patch 2") a couple of times. <u>See</u> Trial Transcript vol. 4 at 97-99 (May 30, 2002). Second, the Government presented evidence that National Park Rangers saw Defendant physically go to Patch 1. <u>See</u> Trial Transcript vol. 2 at 94-95 (May 22, 2002); Trial Transcript vol. 3 at 34-40 (May 23, 2002). Third, the Government presented evidence that marijuana cultivation paraphernalia that had been seen and photographed by the National Park Rangers at the marijuana patches were recovered from Defendant's residence and automobile after his arrest. <u>See, e.g.</u>, Trial Transcript vol. 2 at 116-117,

200-213; Trial Transcript vol. 3 at 52-60.  See also Kortgaard,
119 Fed. Appx. at 149 ("Kortgaard admits visiting the marijuana
patches on numerous occasions, and a reasonable jury could find
that distinctive markings on certain water bottles and planting
trays found initially at the patches and later in Kortgaard's
possession established a direct link between Kortgaard and the
actual cultivation operation.").

     Prior to trial, in light of this evidence, defense
counsel elected with defendant's express concurrence to proceed
on a mere presence/reasonable doubt theory of defense.  See
Weight Decl. at 2.[12/]  At the defense's request, the Court gave
the following mere presence theory of defense to the jury:

> Jury instruction Number 20: The theory of the defense
> case is that the defendant was hiking on a marked trail
> in the area of Hawaii Volcanoes National Park off Mauna
> Loa Strip Road and his mere presence in the area when
> he came upon the marijuana patch does not mean that he
> manufactured or possessed any of the marijuana in the
> patch located right off the marked hiking trail he was
> on.

Trial Transcript vol. 5 at 41 (May 31, 2002).

     The Court finds that the mere presence theory of
defense would have been less credible if defense counsel pursued
an alternative alibi defense.  Moreover, the alibi defense itself
would have been extremely weak in light of the Government's
evidence described above.  For these reasons, the failure of

_____

     [12/]The Court notes that Defendant has not offered any
evidence or argument to rebut Mr. Weight's declaration.

defense counsel to request an alibi instruction was a tactical decision and did not amount to ineffective assistance of counsel. See Bean v. Calderon, 163 F.3d 1073, 1081-1082 (9th Cir. 1998) (finding no ineffective assistance of counsel for failure to raise diminished capacity defense where that defense would have conflicted with the primary alibi theory of defense); Correll v. Stewart, 137 F.3d 1404, 1411 (9th Cir. 1998) (finding no ineffective assistance of counsel for failure to develop a mens rea defense where it would have conflicted with the primary defense theory of misidentification); Clabourne v. Lewis, 64 F.3d 1373, 1382-1383 (9th Cir. 1995) (finding no ineffective assistance of counsel for failure to request a voluntariness instruction where defense counsel made a tactical decision to pursue an insanity theory of defense and that theory would have been less credible if a voluntariness theory of defense also was pursued).  Defense counsel's performance was within the wide range of professionally competent assistance; even if it had not been competent, Defendant has not demonstrated any reasonable probability that the result of the proceedings would have been different, given the plethora of evidence contradicting an alibi defense.  Strickland, 466 U.S. at 687, 690.[13]

---

[13]For the same reasons, any failure by defense counsel to raise the issue of an alibi instruction on appeal did not constitute ineffective assistance of counsel.

Moreover, the Government's late disclosure of the sensor logs does not alter the Court's conclusion.[14/]  According to defense counsel, the log contained many instances of activity recorded by the sensors within and around the marijuana patches while Defendant was on the island of Hawaii (Defendant lived only about 12 miles away from the patches on the island of Hawaii) without any apparent alibi.  See Weight Decl. at 2-3.[15/]  For the

---

[14/]National Park Rangers placed remote sensing devices in and around Patches 1 and 2, to detect activity therein.  When the remote sensing devices were triggered, they transmitted radio signals and generated logs of sensor alerts.  The resultant activation logs for the remote sensing devices were not disclosed to the defense (or the United States Attorney's Office) until trial.  The Ninth Circuit held that Defendant was not prejudiced by the late disclosure of the logs and that the "various remedial measures granted by the district court provided [Defendant] with an adequate opportunity to consider and address the evidence and benefitted him in various other ways that would not have been available during a retrial." Kortgaard, 199 Fed. Appx. at 149.

[15/]At the conclusion of the one week trial continuance (which was granted to permit the defense additional time to review the logs), the parties entered into a stipulation that was read to the jury:

> Defendant was continuously present on the island of Oahu on December 30, 2001 and January 9, 2002, to attend to personal business concerning his father. Defendant was continuously present on the island of Oahu on February 15th, 16th, and 17th, 2002, and on March 2, 2002, for the purpose of coaching tennis matches.
> On March 9th and 10th, 2002, Saturday and Sunday, defendant was on the island of Hawaii.  Defendant drove to Kawaihae on Saturday afternoon and stayed over that Saturday night with his friend, Mr. Wright, on Mr. Wright's sailboat in Kawaihae.

Trial Transcript vol. 4 at 127.

same reasons discussed above, the tactical decision by defense counsel not to request an alibi instruction - even after the disclosure of the logs - did not constitute ineffective assistance of counsel.  See Bean, 163 F.3d at 1081-1082; Correll, 137 F.3d at 1411; Clabourne, 64 F.3d at 1382-1383; see also Strickland, 466 U.S. at 687, 690.

**2.    Concurrent Sentence**

The Court finds no merit to Defendant's argument that his counsel at sentencing, David Klein, was ineffective in allegedly failing to raise the issue of application of a concurrent sentence (rather than a consecutive sentence).  See Motion at 6.[16]

Even if the Court were to assume, without deciding, that defense counsel's performance at sentencing was outside the wide range of professionally competent assistance, Defendant has not demonstrated any reasonable probability that the Court would have imposed a concurrent sentence if such a sentence was requested by defense counsel.  See Strickland, 466 U.S. at 687, 690.  As discussed above, the Court was aware of its discretion in sentencing Defendant to a consecutive sentence and considered all relevant statutes and guidelines, including 18 U.S.C. §§ 3584

---

[16]/Similarly and for the same reasons, the Court finds no merit to any argument that defense counsel's failure to raise this sentencing issue on appeal constituted ineffective assistance of counsel.  See Motion at 5.

and 3553, Guidelines §§ 5G1.3 and 7B1.3(f), and Application Note
4 to Guidelines § 7B1.3(f).  In fact, Defendant himself raised
the issue of the consecutive nature of his sentence at the
sentencing hearing.  <u>See</u> Transcript of Sentencing Proceeding at 7
(March 14, 2006).  Consistent with the Guidelines'
recommendation, the Court found that a consecutive sentence was
appropriate - no additional argument by defense counsel at or
prior to sentencing would have, with any reasonable probability,
resulted in a different sentence.  Accordingly, Defendant has not
demonstrated ineffective assistance of counsel.

**C.    Ground Three: Alibi Instruction and Logs**

        Defendant claims that the "Court erred in not
delivering jury instructions of Defendant's alibi defense, and
Government's failure to produce logs."  Motion at 8.

        As to the alibi defense, this Court has found in this
order that Defendant's counsel did not provide ineffective
assistance by failing to request an alibi instruction.  Without
such a request, the Court was under no obligation to give an
alibi instruction on its own volition.  <u>See, e.g.</u>, <u>United States
v. Hairston</u>, 64 F.3d 491, 494 (9th Cir. 1995) (finding that <u>when
requested</u> by the defense, defendant is entitled to have an alibi
instruction given to the jury if it is supported by law and has
some foundation in the evidence).

As to the Government's failure to produce the sensor logs prior to trial, the Ninth Circuit has already found that the "various remedial measures" granted by the district court in response to the late disclosure "provided Kortgaard with an adequate opportunity to consider and address the evidence and benefitted him in various other ways." Kortgaard, 119 Fed. Appx. at 149.[17/]  The Ninth Circuit, considering the late disclosure, found no error and affirmed Defendant's conviction. Id.

For these reasons, the Court finds that Defendant's claims are without merit.

**D.  Ground Four: Allen Charge**

Defendant claims that he "was prejudiced by trial judge by not supplementing the jury with 'Allen charge' instructions

---

[17/]In this Court's Order Denying Defendant's Motion for New Trial, the Court found that:

> several benefits inured to Defendant as a result of the events surrounding the Government's late disclosure of the Log.  First, Defendant was able, through the joint stipulation regarding the dates that Defendant was out of the area, to present exculpatory evidence to the jury without having to testify.  Second, Defendant was afforded six days after Judd's direct examination to prepare for his cross-examination.  Third, the jury was told that the delay in the trial resulted from the Government's failure to timely deliver the Log. Lastly, Defendant was granted additional discovery.

Order Denying Defendant's Motion for New Trial at 8-9 (July 26, 2002).  This Court found that as a result of these benefits, Defendant made a tactical decision to withdraw his motion for mistrial. Id. at 9.

21

upon jury deadlock." Motion at 9.[18/] The Court finds no merit to this claim.

---

[18/]An <u>Allen</u> charge is a supplemental jury instruction given by the court to encourage a jury to reach a verdict after that jury has been unable to agree after some period of deliberation. <u>See</u> <u>United States v. Nickell</u>, 883 F.2d 824, 828 (9th Cir. 1989). The original form of the instruction was approved by the U.S. Supreme Court in <u>Allen v. United States</u>, 164 U.S. 492, 501 (1896). <u>See also</u> <u>Nickell</u>, 883 F.2d at 828. The Ninth Circuit's current model <u>Allen</u> charge states:

> Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.
>
> As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.
>
> All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.
>
> I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.
>
> You may now retire and continue your deliberations.

Ninth Circuit Model Criminal Jury Instruction 7.7.

On June 3, 2002 at approximately 11:30 a.m., the jury returned a note stating: "The jury cannot reach a unanimous agreement; the jury is hung.  Please provide further instructions."  Neither party requested that the Court give an Allen charge.  See Transcript of Proceedings, Jury Question # 4 (Jun. 3, 2002).  The Court did not give an Allen charge, instead responding in writing, stating:

> The trial lasted six days, over a two week period, and this was supposed to be your first full day of deliberations.  The Court will allow you to leave early today, right after lunch, with one of the jurors having requested to leave early in view of a prior school appointment.  You are to continue your deliberations at 9:00 a.m. tomorrow.

Minutes of Jury Trial at 9 (Jun. 3, 2002).

Allen instructions have been repeatedly criticized as unduly coercive and intrusive upon the province of juries.  See United States v. Nickell, 883 F.2d 824, 828 (9th Cir. 1989). Because of that concern, the Ninth Circuit Jury Instructions Committee recommends that the Allen charge be given only "with great caution."  See Comment to Ninth Circuit Model Criminal Jury Instruction 7.7.  The Ninth Circuit has held that "[a]n Allen charge should be given only when it is apparent to the district court from the jury's conduct or length of deliberation that the charge is clearly warranted."  See United States v. Steele, 298 F.3d 906, 911 (9th Cir. 2002).

23

In this case, it was not apparent to the Court from the jury's note or short length of deliberation that the Allen charge was "clearly warranted." Id. Thus, the Court was correct in not sua sponte supplementing the jury with an Allen charge. Moreover, Defendant was not prejudiced by any failure to give the Allen charge because even without the charge, the jury reached a unanimous verdict – in other words, the result that the Allen charge is designed to encourage was reached even without the charge being given. See Nickell, 883 F.2d at 828 (Allen charge encourages jury to reach a verdict after that jury has been unable to agree).

Since an Allen charge was unwarranted, defense counsel's performance in failing to request an Allen charge and/or raise this issue on direct appeal was not an error or omission and did not fall outside the wide range of professionally competent assistance. See Strickland, 466 U.S. at 687, 690. Moreover, for the reasons discussed, even if counsel had requested an Allen charge, there is no reasonable probability that the Court would have given it or that, if given, it would have resulted in an acquittal. Id.

**E.    Circumstantial Evidence**

Defendant also claims that the "[t]rial court erred by not instructing to [the] effect that the jury may not convict on circumstantial evidence alone, unless the proved circumstances

24

are not only consistent with the hypothesis of guilt, but are
irreconcilable with any other rational conclusion.   Albeit,
defense counsel did not assert Defendant's right."   Motion at 9.
This argument is without merit.

      The Court gave the following instruction to the jury
regarding the utilization of direct and circumstantial evidence,
without objection from either side:

> You may consider both direct and circumstantial
> evidence in deciding this case.   The law permits you to
> give equal weight to both, but it is for you to decide
> how much weight to give any evidence.

Trial Transcript vol. 5 at 18 (May 31, 2002).

      This instruction is substantially similar to Ninth
Circuit Model Criminal Instruction 3.8, which states:

> You should consider both kinds of evidence. The law
> makes no distinction between the weight to be given to
> either direct or circumstantial evidence. It is for you
> to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Instruction 3.8; see also, e.g.,
United States v. Yoshida, 303 F.3d 1145, 1151 (9th Cir. 2002)
("Although the government's case consisted of largely
circumstantial evidence and required the jury to make reasonable
inferences, circumstantial evidence can form a sufficient basis
for conviction.").

      The Court finds that Defendant's argument is
unsupported by law and without merit.   The instruction was
correct as given and the Court was correct in failing to, sua

sponte, give the instruction that Defendant now requests.  For these reasons, defense counsel's failure to request such an erroneous instruction was not an error or omission and did not fall outside the wide range of professionally competent assistance.  <u>See</u> <u>Strickland</u>, 466 U.S. at 687, 690.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Court denies Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 19, 2006.



Alan C. Kay
Sr. United States District Judge

26